■ GIM WO SPORTSWEAR, INC., Respondent, v BECKMANN, INC., Appellant, et al., Defendant. — Order, Supreme Court, New York County (Blyn, J.), entered on July 26, 1982, affirmed for the reasons stated by Blyn, J., at Special Term. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Sandler, Carro, Asch and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The sole issue on this appeal is whether a domestic corporation which has been dissolved for failure to pay franchise taxes after the commencement of this action, loses its status as a domestic corporation, so that it may be required to post security for costs pursuant to CPLR 8501 and 8503. Special Term denied the defendant's motion for an order to stay all proceedings on the part of the plaintiff until plaintiff either pays into court the sum of $5,000, or posts an undertaking in such an amount to be applied to the costs in the action. The plaintiff had failed to pay its franchise taxes from June, 1976 through June, 1981, before it was dissolved by proclamation of the New York Secretary of State in December of 1981. Inasmuch as the plaintiff is no longer licensed to do business in the State, the fact that it may sue or be sued pursuant to section 1006 of the Business Corporation Law does not change the fact that the security is necessary against an unlicensed corporation. Especially is this so in this case where the plaintiff seeks to maintain a tenancy that would involve a payment of rent. I would reverse and grant the motion.